THOMAS B. EASTLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9762.   Promulgated March 8, 1928.

*John W. Parker, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

TRUSSELL: The outstanding facts in this record prove that between 1896 and 1899, the property here under consideration cost approximately $45,500, that $28,000 of that amount was the cost of the buildings and improvements to the land and that the property was sold in 1922 for the amount of $15,000. It is thus clearly established that between 1899 and 1922 this property, due to depreciation and obsolescence, suffered a decline in value from $45,500 to $15,000. The record contains the testimony of one of the men, who in 1899, placed a value of $18,000 upon this property. The record also contains the testimony of the two men, who, in 1909, placed a value of $41,900 upon this property. These men testified at length as to the manner in which they arrived at this valuation, and from their testimony it appears that they regarded the land value as having remained stationary, and they applied a depreciation rate of 1 per cent upon the residence and studio, and 2 per cent upon the laundry building. This testimony would be convincing were it not for the fact that this property remained vacant and unused except for the presence of a caretaker during all of the period from 1899 and 1922, and that the record further shows that during all of this period there was no demand or sale for an estate as large and expensive as the one here under consideration, that the village developed into a community of small homes and grew away from the location of the property here under consideration, all of which convinces us that

in addition to ordinary depreciation of buildings, this property suffered obsolescence between 1899 and 1913 to a considerable degree, and that factor must be reflected in the March 1, 1913, value. All of these things considered, we have arrived at the conclusion that the March 1, 1913, value of land and buildings was: Land, $15,000; residence and studio, $16,970; laundry, $930; total, $32,000; and that from March 1, 1913, to the date of sale the residence and studio sustained depreciation at the rate of 2 per cent and the laundry at the rate of 3 per cent, and that petitioner's loss upon the sale in 1922 should be computed upon the basis of the foregoing figures.

*Judgment will be entered upon 15 days' notice, pursuant to Rule 50.*